## MEMORANDUM DECISION ON REHEARING

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 20 2018, 8:54 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANTS

John J. Schwarz, II
Schwarz Law Office, PC
Hudson, Indiana

ATTORNEY FOR APPELLEES
PUTNAM COUNTY
COMMISSIONERS

Trudy L. Selvia
Greencastle, Indiana

ATTORNEYS FOR APPELLEE
INTERVENOR

Hayleigh J. Neumann
Robert J. Nice
The Nice Law Firm, LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

William E. Morrison and
Sonya Morrison,

*Appellants-Respondents,*

v.

Putnam County Commissioners,

*Appellees-Petitioners,*

and

Donald Richards,

*Appellee-Intervenor*

November 20, 2018

Court of Appeals Case No.
18A-PL-462

Appeal from the Putnam Superior
Court

The Honorable Raymond M.
Kirtley, Senior Judge

Trial Court Cause No.
67D01-1402-PL-3

**Baker, Judge.**

William and Sonya Morrison have filed a petition for rehearing on this Court's original decision in this matter. We grant it for the limited purpose of addressing their second argument, which relates to whether the trial court erroneously determined that they did not establish a prior non-conforming use of the property. We initially found that the Morrisons waived this issue because they neglected to raise it below. On rehearing, they point out that at two points in the transcript, their attorney used the word "grandfathered," which they maintain is sufficient to preserve their right to make this argument. Tr. Vol. II p. 116, 208-10. We question whether two isolated instances of the use of this word, which occurred in the context of responding to objections made by opposing counsel, suffice to preserve this argument. But we will give them the benefit of the doubt and assume that they have not waived it.

They argue that William's testimony that "[t]he majority of the items out there predate the '92 zoning laws" is enough to sustain their burden of showing a prior non-conforming use. *Id.* at 103. The trial court had the benefit of in-person observation of this bench trial. It was for the trial court, rather than this Court, to assess the credibility of the witnesses before it. We will not second-guess the trial court's implicit determination that William's testimony on this issue was not credible. Aside from this brief sentence, there is no other evidence in the record supporting the Morrisons' assertion that the complained-of items on their property predated the relevant ordinances. Therefore, we decline to reverse for this reason.

In all other respects, we deny the petition for rehearing, and our original decision affirming the trial court's order remains.

May, J., and Robb, J., concur.